**JOHNSON CHEMICAL COMPANY, Inc.,
et al., Plaintiffs,**

**v.**

**CONDADO CENTER, INC., et al.,
Defendants.**

**Civ. No. 382–70.**

United States District Court,
D. Puerto Rico.

Aug. 11, 1971.

Orlando J. Antonsanti, Hartzell, Fernández, Novas & Ydrach, San Juan, P. R., for plaintiffs.

Canales & Ferrer, San Juan, P. R., for Board of Administration of Condado del Mar Condominium, etc.

Luis Blanco Lugo, Santurce, P. R., for defendant Condominium Development Corp.

## OPINION AND ORDER

FERNANDEZ-BADILLO, District Judge.

This cause came to be heard on the motion of Condominium Development Corp. to expunge certain notices of lis pendens filed by plaintiffs for recordation at the Registry of Property of Puerto Rico. The parties have filed memoranda in support of their respective positions.

(1) As judgment dismissing the complaint in this case was entered on June 18, 1971 and an appeal was taken on June 23, 1971, plaintiffs sustain that this Court should leave in abeyance codefendant's request to permit the Court of Appeals to dispose of the appeal, invoking the provisions of Section 297 of the Code of Civil Procedure of Puerto Rico, 32 L.P.R.A. § 1284.[1] In California, where an identical provision is in effect,[2] a contrary result has been reached. In United Professional Planning v. Superior Court of Orange County, 9 Cal.App. 3d 377, 88 Cal.Rptr. 551 (1970), it was held that the trial court did not proceed without or in excess of its jurisdiction in considering motion of defendant in action for specific performance to expunge lis pendens and in making order expunging same although notice of appeal had been filed. A similar rule prevails in the federal jurisdiction when the motion, as in the instant case, is supplemental to issues determined by judgment of district court. United States v. 392.22 Acres of Land, etc., Brevard Co., Fla., 307 F.Supp. 34, 52 (D.C.1968).

(2) Turning to the merits of defendant's petition, and following the precedents set in California from where section 91 of the Code of Civil Procedure of Puerto Rico, 32 L.P.R.A. § 455, was literally taken, we hold that filing of a notice of lis pendens in an action affecting title to or possession of real property which is pending in a local federal court is ineffective to give constructive notice of the suit, for the statute is intended only to be applicable to proceedings in state courts. Majors v. Cowell, 51 Cal. 478, 482–483 (1876).[3]

---

1. "Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or *upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from.*"

See, section 14(a) of the Judiciary Act of Puerto Rico, 4 L.P.R.A. § 37(a).

2. Section 916(a) of the Code of Civil Procedure.

3. To avoid this ruling section 409 of the Code of Civil Procedure of California, as adopted in 1872, was amended in 1959 by Stats.1959, c. 382, to authorize notices of lis pendens in actions pending in any United States district court. No such amendment has been incorporated in Puerto Rico.

Furthermore, the pretended cause of action affecting the title or right of possession of the plaintiffs—an easement, right of way or servitude constituted by Condado Center, Inc. in favor of Condominium Development Corp. by public deed number 6 of January 29, 1968 before Notary Antonio R. Barceló, Jr.— was waived and relinquished by Condominium Development Corp. by public deed number 51 of December 11, 1970 before Notary Victor R. González Mangual. Even conceding that plaintiffs do prevail in the appeal taken, defendant is entitled to have the notices of lis pendens expunged.

In view of the foregoing, it is hereby ordered that the notices of lis pendens filed by plaintiffs be expunged or withdrawn from the Registry of Property, as the case may be.