**Richard DANIELS, Plaintiff,**

v.

**UNIVERSAL INVESTMENT CORP., et al., Defendants.**

Civ. No. 638-70.

United States District Court,
D. Puerto Rico.

July 21, 1972.

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

Carlos Roberto Velez, Santurce, P. R., for codefendant Condominio Montecielo, Inc.

Hernández Avila, Muñoz Franco & Martinez Aviles, Hato Rey, P. R., for codefendant Agustin F. Fortuño.

TOLEDO, District Judge.

## MEMORANDUM OPINION

This matter came to be heard on motion of codefendant Condominio Montecielo, Inc. for an order to expunge a notice of pendency of action (lis pendens) recorded in the Property Registry of Puerto Rico, San Juan Section I, and pertaining to property involved in this litigation.

█ Plaintiff having filed his complaint herein, notified the Property Registrar, San Juan Section I, of the pendency of the action. The Registrar proceeded to record said notice pursuant to Section 91 of the Code of Civil Procedure of Puerto Rico, 32 L.P.R.A. § 455. The moving party would have us order the notice expunged. The motion must be denied.

Codefendant relies on Johnson Chemical Company, Inc. v. Condado Center, Inc., 329 F.Supp. 98 (D.P.R.1971), where a similar issue was before this Court. A judgment had been entered against plaintiffs therein, and plaintiffs had appealed. Defendants moved to expunge a notice of lis pendens recorded in the Property Registry. The Court, by Judge J. B. Fernández-Badillo, District Judge, ordered the notices expunged, on two grounds. It held, first, that the statute allowing the recording of a notice of lis pendens was applicable only to proceedings pending in state courts. 329 F.Supp. 98, at 99.

As further grounds, the Court held that a waiver of the rights claimed by plaintiffs, made by their predecessor in interest, was binding upon the plaintiffs. 329 F.Supp. 98, at 100. Plaintiffs appealed the decision in *Johnson* and the United States Court of Appeals for the First Circuit affirmed, relying specifically on this second argument. Memorandum and Order of February 22, 1972 in *Johnson Chemical Company, Inc. v. Condado Center, Inc.*, Civil No. 382-70.

█ This Court is of the opinion that the Court of Appeals relied specifically on the second argument stated above for it would have been inconsistent and improper for the Court of Appeals to have decided on the one hand that the Puerto Rico statute regarding *lis pendens* does not apply to federal court proceedings and on the other hand, to have ordered, in a federal court pro-

694

ceeding, a local quasi-judicial officer to undo certain acts which that same officer had performed pursuant to a local statute.[1] To be consistent, the Court of Appeals would have had to declare itself unable to grant a remedy and to refer defendant to the Commonwealth Courts.

The applicability of the Puerto Rico statute of *lis pendens* to proceedings in a federal court, was recognized by the Supreme Court of the United States in Romeu v. Todd, 206 U.S. 358, 27 S.Ct. 724, 51 L.Ed. 1093 (1907), where proceedings in the predecessor to this Court were deemed insufficient to affect the property rights of innocent third parties absent the recording of a notice of *lis pendens* in the Property Registry.

In Manrique de Lara v. Registrar, 23 P.R.R. 803 (1916), the Supreme Court of Puerto Rico overturned a decision of the Registrar of Property who had refused to record a notice of a suit affecting property, pending before the "District Court of the United States for Porto Rico", the predecessor of this Court.

Similar results have been reached by federal courts in a number of states where recording of a notice of *lis pendens* is required by statute and no specific reference is made to federal court proceedings. 2 Moore's Federal Practice, Section 3.05(2).

Upon the enactment in 1958 of P.L. 85–689, § 1(a), 28 United States Code § 1964, it was thought that states would have to enact statutes specifically allowing the recording of notices of proceedings in federal courts. This, however, has not been the majority view of the courts. 2 Moore's, loc. at p. 729.[2]

 Codefendant argues that since the Puerto Rico statute concerning the recording of notices of *lis pendens* was adopted from California, and since the Supreme Court of California, in Majors v. Cowell, 51 Cal. 478 (1876), decided that the California statute did not apply to federal court proceedings, the Puerto Rico statute similarly does not apply to such proceedings. While we must normally regard with due respect interpretations of the courts of the jurisdiction whence the statute was adopted, this Court is of the opinion that this case is not an apt precedent. Suffice it to repeat that neither the Supreme Court of Puerto Rico nor the Supreme Court of the United States, has seen in the Puerto Rico statute the same limitations that the Supreme Court of California saw in the California statute.

For the reasons stated above, the motion of codefendant Condominio Montecielo, Inc., should be denied.

---

1. In Puerto Rico, the Registrar is required to note the *lis pendens* upon being requested to do so by the litigant, without the need for a court order. Velázquez v. Registrar, 27 P.R.R. 250 (1919); Morales v. Cruz Velez, 36 P.R.R. 216 (1927); Padilla v. Registrar, 39 P.R.R. 482 (1929); Fernández v. Registrar, 45 P.R.R. 695 (1933); Olivera v. Registrar, 51 P.R.R. 399 (1937).

2. It should be noted that the other side of not allowing the recording of *lis pendens* because the supposedly appropriate statute has not been enacted, would be to regard the pendency of suit itself, without recording or actual notice, as sufficient constructive notice to purchasers of the property. 2 Moore's Federal Practice, S. 3.05 [2].