STATE OF NORTH CAROLINA v. WILLIE LEE BLOUNT

No. 7312SC737

(Filed 9 January 1974)

**Criminal Law § 162— objections to evidence — necessity and time of making**
  Defendant was not prejudiced by the admission of certain testimony where he failed to make timely objection and where testimony of the same import was thereafter introduced without objection.

APPEAL by defendant from *Braswell, Judge,* 21 May 1973 Schedule "A" Session, CUMBERLAND Superior Court.

By indictment proper in form defendant was charged with possession of heroin, a felony. Evidence presented by the State tended to show:

On the afternoon of 13 January 1973, police officers, armed with a search warrant, entered a residence at 1910 Newark Avenue in Fayetteville, N. C. In the residence, police found Danny E. Cobb and his girl friend, Mrs. Means, who lived in the residence; Cobb's daughter, Angela C. Smith, her husband and small child who were weekend visitors; and Winifred Cole and defendant. As officers entered the house, Mrs. Means was coming out of the bathroom and the commode had just been flushed. The three Smiths were in one of the bedrooms and Cobb, Cole and defendant were in the living room. Cole and defendant were sitting on a couch. A search of the house disclosed two plastic bags floating in the commode tank, one bag containing 13 tinfoil packets and the other containing 60 tinfoil packets; the packets contained a powdery substance identi-

State v. Blount

fied as heroin. In the bedroom occupied by the Smiths, the police found a bottle cap cooker containing residue of heroin. Under one of the two cushions of the sofa, near the division of the cushions, they found a quantity of heroin in a rubber container.

As a witness for the State, Angela Smith testified substantially as follows: She, her husband and child, residents of Greensboro, were visiting her father, having come to Fayetteville the preceding day. Approximately 15 to 25 minutes before the police arrived, she went into the living room where she saw her father sitting in a chair and Cole and defendant sitting on the couch some two feet away. A coffee table was located approximately two feet in front of the couch. On the coffee table was a 33 album cover and on it was "from a quarter spoon to a half spoon" of heroin. The three men, Cobb, Cole and defendant, were smoking marijuana and "snorting" or "sniffing" heroin. When the police knocked on the door, defendant took the album cover to the bathroom after which Mrs. Smith heard the commode flush. Mrs. Means then entered the bathroom. Mrs. Smith admitted that she was using heroin at the time of the raid and thereafter entered a rehabilitation program. (Police found an album cover in the bathroom.)

Defendant offered no evidence. The jury found defendant guilty as charged, and from judgment imposing prison sentence of two and one-half years, with recommendation for the work release program, defendant appealed.

*Attorney General Robert Morgan, by Assistant Attorney General George W. Boylan, for the State.*

*Doran J. Berry for defendant appellant (on appeal).*

BRITT, Judge.

Defendant's first contention is that the court committed prejudicial error in allowing the witness Angela Smith "to testify in reference to the heroin or marijuana that she had allegedly seen." We find no merit in this contention.

With respect to Angela Smith's challenged testimony, the record reveals:

"Q. All right, did you see anything on that album cover?

A. Yes.

Q. Can you tell us what it was?

A. Heroin.

ATTORNEY HAIR: OBJECTION AND MOVE TO STRIKE.

COURT: Overruled.

THIS CONSTITUTES DEFENDANT'S EXCEPTION NO. 1.

Q. Can you tell us about how much heroin was on the album cover?

A. I would say from a quarter spoon to a half spoon.

Q. Do you mean a quarter of a teaspoon to a half teaspoon?

A. Right.

Q. Can you tell us, please, Mrs. Smith, what, if anything, you saw any of those three men doing while you were there in the living room?

A. Mr. Cobb and Mr. Cole and Mr. Blount were smoking marijuana and snorting heroin.

Q. Can you tell us what you mean they were snorting heroin? Or can you just explain that to the jury a little bit?

A. You can snort heroin by putting it up to your nose and sniffing. Snorting heroin can be done by putting heroin onto a spoon or matchcover and putting it to your nose and sniffing."

It is elementary that an objection to the admission of evidence as necessary to present a defendant's contention that the evidence was incompetent. *State v. Camp,* 266 N.C. 626, 146 S.E. 2d 643 (1966). Ordinarily a defendant must object to the question at the time it is asked and to the answer when given, and where objection is not made to the question but only to the answer of a witness, its exclusion is discretionary with the court. 3 Strong, N. C. Index 2d, Criminal Law, § 162, p. 115; *State v. Fentress,* 230 N.C. 248, 52 S.E. 2d 795 (1949).

It is also well settled that the admission of testimony over objection ordinarily is harmless error when testimony of the same import is theretofore or thereafter introduced without objection. *State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735 (1972); *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972).

Applying the stated principles to the case at hand, it appears that defendant did not make a timely objection to the testimony challenged by his Exception No. 1. Furthermore, the admission of the testimony challenged by the exception was rendered harmless when testimony of the same import was thereafter introduced without objection.

By his second and final contention, defendant argues that the court erred in denying his motion for judgment as of nonsuit and for a directed verdict of not guilty interposed at the close of the evidence. This contention is also without merit as we hold that the testimony was more than sufficient to take the case to the jury and support the verdict of guilty.

No error.

Judges PARKER and VAUGHN concur.