STATE OF NORTH CAROLINA v. FRANKIE WRIGHT

No. 7410SC386

(Filed 7 August 1974)

Criminal Law § 169— harmless error in admission of evidence

In a prosecution for breaking and entering and larceny, the admission over objection of testimony by an accomplice that defendant was with him when he broke into other buildings on previous occasions was not prejudicial error where similar testimony was thereafter admitted without objection and where the State presented an abundance of other evidence of defendant's guilt of the crimes charged.

APPEAL by defendant from *Bailey, Judge,* 17 December 1973 Session of WAKE County Superior Court.

The defendant was charged in bills of indictment with the felonies of breaking and entering with the intent to commit larceny, and larceny as a result of the breaking and entering. Pleas of not guilty were entered as to each count. From a verdict of guilty as charged and an active sentence imposed thereon, the defendant gave notice of appeal.

The State's evidence tended to show that Annie Gray Meyer owned and operated a building known as 401 Tavern, located at Wake Forest, North Carolina. She worked at the tavern on 3 September 1973, and closed the tavern for the night. When she arrived at the premises the next day, she observed that a window had been broken at the back of the tavern. Various machines had been broken into, and the coins contained therein had been stolen. Also missing were a tape player, speakers, and a gun. The building was in a general state of disarray, and the contents had been scattered around on the floor.

Bruce Johnson testified that he knew Frankie Wright and was with him on the night that the crime took place. He stated that he and Wright went to the 401 Tavern at approximately 1:30 a.m. Johnson helped Wright force the window and boosted him inside. The defendants placed socks over their hands and went into the building. Johnson showed the sheriff of Franklin County where the guns and speakers were hidden, and the property was turned over to him.

On redirect examination, Johnson testified that he had been involved in breaking and entering before. He was asked if he was alone on those other occasions when he broke in and

entered buildings. He answered that he was not alone. He was asked who was with him. He answered "Frankie, Frankie Wright". Defense counsel promptly objected, and the objection was overruled. Without further objection, the witness testified that he had been charged with breaking and entering five places. He further stated that the defendant was with him on all five of the ocacsions.

The defendant testified that he was not with Johnson on the night in question. He denied ever having gone into the 401 Tavern.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin for the State.*

*Arnold and Adams by Brenton D. Adams for the defendant.*

CARSON, Judge.

The only question presented by this appeal is whether the trial court committed error in overruling the defendant's objection to the answer of the question of who was with him on the previous breaking and entering. Normally, previous acts of misconduct are admissible against a defendant, who testified in his own behalf, to impeach his testimony. *State v. Cook,* 280 N.C. 642, 187 S.E. 2d 104 (1972) ; *State v. Fletcher,* 279 N.C. 85, 181 S.E. 2d 405 (1971). Since the defendant had not taken the witness stand, questions concerning prior acts of misconduct on his part were not admissible for this purpose. However, the witness had answered the question before an objection was entered. Subsequently, the witness testified without objection that he had broken into five other places and that Frankie Wright had been with him on each of the occasions.

Generally, the admission of evidence over objection is not prejudicial where evidence of similar kind is thereafter admitted without objection. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. Blount,* 20 N.C. App. 448, 201 S.E. 2d 566 (1974). Even if erroneously admitted, it would not have been prejudicial since the same evidence was subsequently given.

The likelihood of prejudicial error is further diminished by the abundance of evidence against the defendant. There does not seem to be a substantial likelihood of mistake even if the answer should have been stricken. We hold, therefore, that the defendant received a fair and impartial trial, free from prejudicial error.

No error.

Judges BRITT and HEDRICK concur.