State v. Hickson

---

STATE OF NORTH CAROLINA v. LEON HICKSON

No. 7515SC103

(Filed 7 May 1975)

1. Criminal Law § 66— in-court identification — prior photographic identification

In-court identification of defendant was of independent origin and not tainted by a photographic identification.

2. Robbery § 5— possession of recently stolen property — applicability to armed robbery

The trial court did not err in charging that the doctrine of possession of recently stolen property was applicable to armed robbery.

3. Criminal Law § 9— instructions on principals in first degree

Instructions on the law of principals in the first degree were proper in a robbery prosecution in the light of evidence that defendant and two others were acting together and in concert.

APPEAL by defendant from *Brewer, Judge*. Judgment entered 29 October 1974 in Superior Court, ORANGE County. Heard in the Court of Appeals 9 April 1975.

To the charge of armed robbery, the defendant pled not guilty.

The State's evidence tended to show that shortly after midnight defendant and two others, wearing ski masks, entered

the "Pit Stop" in Hillsborough, a pool room and "beer joint", and relieved the several patrons of their wallets while defendant had them covered with a sawed-off shotgun and a pistol.

Three victims testified that they knew defendant and recognized him.

The bookkeeper and manager of a local grocery store testified that in midafternoon of the same day of the robbery the defendant requested that they cash a payroll check; they cashed the check after he presented to them a social security card. Several days later a deputy sheriff exhibited to them six photographs of young black males, and they identified the photograph of the defendant as the one who cashed the check. The check and social security card were identified by one of the robbery victims as his property which was in his stolen wallet.

Defendant was found guilty as charged, and appealed from the judgment imposing imprisonment.

*Attorney General Edmisten by Associate Attorney C. Diederich Heidgerd for the State.*

*B. Frank Bullock for the defendant.*

CLARK, Judge.

The defendant assigns as error the admission of the testimony of several victims relating to their identification of defendant as one of the three perpetrators, and to their failure to specify which of the three perpetrators made certain statements or did certain acts. Examination of the record reveals that plenary evidence of the same import was introduced without objection. Under these circumstances the error, if any, was harmless. See *State v. Brown*, 272 N.C. 512, 158 S.E. 2d 354 (1968), and *State v. Blount*, 20 N.C. App. 448, 201 S.E. 2d 566 (1974).

[1] Nor do we find error in admission of the in-court identification of defendant by the two store employees, which was done after plenary hearing and the finding that it was based on their observation of the defendant at the store when he cashed the check and was untainted by the photographic identification. The trial fully complied with standards required by *State v. Accor and Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970), and *State v. Jacobs*, 277 N.C. 151, 176 S.E. 2d 744 (1970).

[2] The defendant contends that the trial court committed error in charging that the doctrine of possession of recently stolen property was applicable to armed robbery. In *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741 (1967), it was held that if and when it is established that there was an armed robbery in which property was stolen, then the possession of such recently stolen property raises a presumption of fact that the possessor is guilty of the armed robbery. The trial court correctly charged the jury on this principle of law.

[3] The defendant's claim of error is that the trial court erroneously charged on conspiracy. However, we find no instructions on the subject of conspiracy; rather, the instructions relate to the law of principals in the first degree, which was appropriate in light of the evidence that defendant and two others were acting together and "in concert". See *State v. Mitchell*, 24 N.C. App. 484, 211 S.E. 2d 645 (1975).

We find that the defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.