W. B. WOLFE AND RUTH WOLFE v. MR. AND MRS. CHARLES F. HEWES, T/A RUSTIC HILLS DEVELOPMENT CO., A PARTNERSHIP; AND HEWES BUILDING SUPPLY, INC.

No. 7827SC476

(Filed 1 May 1979)

1. **Partnership § 3— partner's lien as to partnership property—perfection upon dissolution**

    Partners could not perfect their lien as to partnership property allegedly wrongfully applied until dissolution of the partnership. G.S. 59-69.

2. **Lis Pendens § 2— necessity for action affecting title to realty**

    The trial court properly cancelled plaintiffs' notice of *lis pendens* where the complaint merely alleged a diversion of partnership assets without connecting the diversion with the property on which the notice was sought and thus failed to state a cause of action affecting the title to real property as required by G.S. 1-116(a)(1).

**3. Laborers' and Materialmen's Liens § 3— partner's right to enforce lien—payment to partnership**

> While a partner may enforce a lien for materials furnished by the partnership, there was no enforceable lien in this case where the record reveals that payment had been made to the partnership for the materials.

**4. Attorneys at Law § 4— testimony by former attorney—limitation to corroboration—harmless error**

> The trial court erred in limiting the testimony of plaintiffs' former attorney to the purpose of corroboration, but such error was not prejudicial.

**5. Attorneys at Law § 4— erroneous exclusion of testimony by former attorney**

> The trial court erred in excluding relevant testimony by plaintiffs' former attorney concerning an agreement with defendants' attorney on the ground that defendants' attorney was participating in the trial and could not testify without withdrawing as counsel, since counsel for defendants was aware of plaintiffs' intent to call their former attorney to the stand, and defendants' counsel should have withdrawn from the case if his testimony was desired.

**6. Partnership § 3— fraudulent use of partnership funds—sufficiency of evidence**

> Plaintiffs' evidence was sufficient for the jury in an action based on defendants' alleged fraudulent use of partnership funds where it tended to show that a partnership existed between plaintiffs and defendants; partnership property was used in the construction of a house; defendants agreed to place the surplus proceeds from the sale of the house in an escrow account until the parties could reach an agreement regarding the partnership; and defendants instead placed the surplus proceeds in the bank account of a construction company in which plaintiffs had no interest.

APPEAL by plaintiffs from *Howell, Judge.* Judgment entered 15 February 1978 in Superior Court, GASTON County. Heard in the Court of Appeals 1 March 1979.

Plaintiffs filed complaint alleging misuse of partnership assets by defendant Charles Hewes and a failure to account for partnership assets. Two weeks later, plaintiffs filed a purported notice of *lis pendens* on the property owned by defendants Mr. and Mrs. Charles F. Hewes (hereinafter referred to as defendants). Defendants filed answer admitting the existence of a partnership with plaintiffs in Rustic Hills Development Company but denying all other allegations. Defendants filed counterclaim alleging plaintiff W. B. Wolfe's failure to repay the partnership for expenditures in construction of his house, failure to pay a contractor's fee owing on the house in the amount of $3,000.00, failure to pay a consultant's fee in the amount of $5,000.00 for planning the Rustic Hills Subdivision project, and failure to pay

$25,000.00 owed to Hewes Construction Company for services performed for Rustic Hills Development Company. Defendants prayed for money judgment against plaintiff W. B. Wolfe and for an accounting of partnership properties and profits.

Plaintiffs filed a notice of lien on the following property:

" 'Full contents of Lot No. 38 of Section 2 of the Goodwill Acres Subdivision fully described by Deed recorded in the Gaston County Registry in Book 1166 at page 15 to which reference is hereby made for more complete description.'

'Being the full contents of Lot No. 39 in Block two in the East Park Subdivision as per map in Plat Book 9 at page 31 and more fully described by Deed in Book 1200 at page 139 in the Gaston County Registry to which reference is hereby made.' "

They alleged that the above-described property was purchased by defendants with partnership funds. Plaintiffs also sought a lien on property owned by Woodrow F. Lay and wife, Loretta, alleging that partnership materials had been used in the construction of their dwelling. A subsequent lien was filed on property owned by defendants as tenants by the entirety seeking to have the property declared partnership property. Plaintiffs amended their complaint so as to allege defendants' use of partnership funds to fraudulently. acquire real estate, as tenants by entirety, fraudulent use of partnership funds, and fraudulent improvement with partnership funds of real estate owned by Mr. and Mrs. W. F. Eaker. Plaintiffs prayed for dissolution of the partnership.

The trial court ordered cancellation of the original notice of lien prior to a hearing of the case on its merits.

Plaintiffs' evidence at trial tended to show the existence of a partnership in Hewes Building Supply between plaintiffs and defendants. At the conclusion of plaintiffs' evidence, the trial court entered a directed verdict for defendants as to plaintiffs' claim of fraud, found that an accounting had not been demanded, ordered a compulsory reference as to defendants' counterclaim, and cancelled the remaining notices of *lis pendens*.

Plaintiffs appealed.

*Basil L. Whitener, Hugh W. Johnston, and Anne M. Lamm,* for plaintiff appellants.

*Frank Patton Cooke, by Rob T. Wilder,* for defendant appellees.

ERWIN, Judge.

Plaintiffs assign as error the court's dismissal of their notices of liens and *lis pendens.* We affirm.

[1] It is well settled that each partner has the right to insist that partnership assets be applied in payment of partnership debts. *Casey v. Grantham,* 239 N.C. 121, 79 S.E. 2d 735 (1954). This right is sometimes loosely referred to as a partner's lien. Actually, the right is not, in fact, a lien as such, because it is equally well settled that a partner has no individual ownership in any specific assets of the firm. 1 J. Barrett & E. Seago, Partners and Partnerships Law and Taxation 193 (1956). The right, lien, quasi-lien or whatever else it may be called does not exist for any practical purpose until the affairs of the partnership have to be wound up, or the share of a partner has to be ascertained. *Casey v. Grantham, supra;* Lindley on Partnership, 10th Ed., p. 427. Such a lien based on fraud does not come into existence until actual dissolution occurs. *See* G.S. 59-69; 60 Am. Jur. 2d, Partnership, § 207, p. 119. Plaintiffs could not perfect their lien as to alleged partnership property pursuant to G.S. 7A-109 until the lien came into existence.

[2] Under G.S. 1-116(a)(1), notice of *lis pendens* can be filed against real property only in an action affecting its title. *See* G.S. 1-116(a)(1). To determine whether a complaint states a cause of action affecting title to real property, we must accept as true the factual averments of the complaint. *McGurk v. Moore,* 234 N.C. 248, 67 S.E. 2d 53 (1951). Plaintiffs' complaint fails to state a cause of action affecting the title to the real property covered by the notice. It merely alleges a diversion of partnership assets without connecting the diversion with the property on which the notice is sought. *Cf. McGurk v. Moore, supra.* As such, the complaint fails to state a cause of action affecting title to real property. *See Pegram v. Tomrich Corp.,* 4 N.C. App. 413, 166 S.E. 2d 849 (1969). The amended complaint has the same defect. The trial court properly cancelled the notices of *lis pendens.*

[3]    Plaintiffs allege that they have a lien on the Lay's property, because the building materials were partnership property. A partner may enforce a mechanics lien for work done and furnished by the firm. 53 Am. Jur. 2d, Mechanics Lien, § 66, p. 577. However, the *prima facie* basis for such lien is *nonpayment*. Here the record clearly reveals that payment was made to the partnership. Thus, no lien existed which could be enforced. Moreover, if such lien had existed, plaintiffs' failure to file it within 120 days after the last furnishing of labor or materials at the site of the improvements would bar their claim. *See* G.S. 44A-12(b). The trial court properly dismissed plaintiffs' notice of *lis pendens* as to the Lay's real property.

Plaintiffs assign many evidentiary assignments of error. We have carefully examined them and find them all to be without merit except the ones treated below.

[4]    The court's limitation of Mr. Gray's testimony solely for the purpose of corroborating the prior testimony was error.

A witness may testify as to anything he has apprehended by any of his five senses, when relevant to an issue. *State v. Fentress*, 230 N.C. 248, 52 S.E. 2d 795 (1949). Where a previous witness has testified directly to the same facts, the latter witness' testimony may be labeled "corroborative," but it is simply additional evidence of the fact in issue, and its admissibility is governed by general rules applicable to substantive evidence. 1 Stansbury's N.C. Evidence (Brandis Rev. 1973), § 49. Here, the testimony offered as substantive proof is not of a character so as to affect the verdict. Thus, the trial court's limitation of the evidence to corroborative purposes was not prejudicial error. *Equipment Co. v. Anders*, 265 N.C. 393, 144 S.E. 2d 252 (1965); 1 Stansbury's N.C. Evidence (Brandis Rev. 1973), § 9.

[5]    A more troublesome question is whether the trial court erred in excluding Mr. Gray's testimony regarding his agreement with Mr. Wilder to place money from the Gallagher Trails house in escrow.

The record reveals that plaintiffs and defendants agreed to place proceeds from the sale of the Gallagher Trails house and Rustic Hills house in escrow until the parties could reach an agreement regarding the partnership. It had been established

that defendant Charles Hewes had failed to place the money in escrow as agreed. Mr. Gray's testimony was relevant, because it tended to prove or disprove a material fact in issue—the misuse of partnership funds. Unless excluded by some specific rule, his testimony was admissible. 1 Stansbury's N.C. Evidence (Brandis Rev. 1973), § 77.

The trial court excluded Mr. Gray's testimony stating:

"[I]'m not going to allow any testimony about any agreement between one attorney and another attorney when the other attorney is participating in the trial and cannot testify without withdrawing as counsel; and that being a matter not involving this lawsuit, but a matter involving other procedures relative to attorneys."

The court was mistaken as to the relevancy of the testimony. Plaintiffs had amended their complaint to allege:

"4. That the defendants have fraudulently diverted partnership monies to their own use; that the defendants have fraudulently used partnership funds to acquire real estate which they have placed in their own names, as tenants by the entirety; that the defendants have fraudulently used partnership funds in improving real estate owned by them and by their parents, Mr. and Mrs. W. F. Eaker; that the defendants have fraudulently converted partnership monies to their own use and have seized control of all partnership assets and refuse to give the plaintiff a proper accounting thereof."

Thus, the evidence offered was relevant to the allegations in the complaint. The court could properly have excluded the evidence if it would have been unduly prejudicial to defendants. However, the record reveals that Mr. Gray was originally co-counsel for plaintiffs in this action, that he withdrew as co-counsel, because he recognized the likelihood of the need of his testimony at trial, and counsel for defendants was aware of plaintiffs' intent to call Mr. Gray to the stand. Under these circumstances, defendants' counsel should have withdrawn from the case, and it was error to exclude Mr. Gray's testimony. However, not every error entitles the plaintiffs to a new trial. *Cf. Eaves v. Coxe*, 203 N.C. 173, 165 S.E. 345 (1932) (exclusion of witness' testimony from jury's consideration prejudicial error). The trial court entered a directed

verdict against plaintiffs on their claim of fraud. Only if the plaintiffs' evidence, when viewed as a whole, was sufficient to go to the jury would the error be prejudicial. *See* 1 Stansbury's N.C. Evidence (Brandis Rev. 1973), § 9.

On defendants' motion for a directed verdict, the only question presented is whether the evidence, when considered in the light most favorable to plaintiff, is sufficient for submission to the jury. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971); *Cutts v. Casey*, 271 N.C. 165, 155 S.E. 2d 519 (1967); 11 Strong's N.C. Index 3d, Rules of Civil Procedure, § 50, p. 326. A directed verdict is proper only when as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff, *Stewart v. Check Corp.*, 279 N.C. 278, 182 S.E. 2d 410 (1971), and a plaintiff's evidence must be interpreted in the light of his allegations to the extent that the evidence is supported by the allegations. 12 Strong's N.C. Index 3d, Trial, § 21, p. 399.

[6] When viewed in the light most favorable to them, plaintiffs' evidence tends to show that a partnership existed between plaintiffs and defendants, that partnership property was used in the construction of the Gallagher Trails house, that defendant Charles Hewes agreed to place the surplus proceeds from the sale of the house in an escrow account, that instead defendant Hewes placed the surplus proceeds in the Hewes Construction Company's bank account, and that plaintiffs were not partners in Hewes Construction Company. As a partner in Hewes Building Supply, defendant Charles Hewes stood in a fiduciary relationship with plaintiffs. *See Casey v. Grantham, supra.* Where a fiduciary deals in an individual capacity with property under his control, fraud is presumed unless he proves that no fraud was practiced. 6 Strong's N.C. Index 3d, Fraud, § 12, pp. 336-37. Plaintiffs' evidence of fraud was sufficient to submit to the jury. Failure to so submit was prejudicial error. Accordingly, we hold that the court's compulsory reference of the Heweses' counterclaim and its order of accounting without first determining the validity of plaintiffs' claim of fraudulent conduct was error. Prior to determination of plaintiffs' claim of fraud, the partnership assets cannot be adequately ascertained.

The orders cancelling the *lis pendens* are affirmed. The directed verdict entered by the trial court is reversed, and plaintiffs are awarded a new trial.

Judges VAUGHN and MARTIN (Harry C.) concur.