In re Elizabeth **THATCHER** (nee Hawkins) and Gregory Thatcher, Debtors.

**OLD SECURITY FINANCIAL, a California corporation, Plaintiff/Respondent,**

v.

**Elizabeth Ann THATCHER and Gregory Thatcher, Defendants/Applicants.**

**Bankruptcy No. 282–01716–D–11. Adv. No. 282–0688.**

United States Bankruptcy Court, E.D. California.

Nov. 22, 1982.

Elizabeth Thatcher, Gregory Thatcher, pro se.

Desmond, Miller, Desmond & Bartholomew, Sacramento, Cal., for plaintiff/respondent.

## NOTICE OF INTENDED DECISION

LOREN S. DAHL, Bankruptcy Judge.

The motion of plaintiff to expunge a lis pendens heretofore recorded in the Office of the El Dorado County Recorder by defendants came on for hearing October 25, 1982, at 2:00 p.m., the plaintiff being represented by PATRICIA Z. OSTINI, ESQ., of Desmond, Miller, Desmond & Bartholomew, and defendants appearing pro se. The defendants contend: (1) this Court is without jurisdiction to grant plaintiff's motion; (2) this Court should abstain from exercising jurisdiction and defer jurisdiction to the Superior Court of El Dorado County; (3) that expungement would not be fair and equitable to the general public; (4) plaintiff will suffer no loss for the court to delay its ruling until defendant's appeal has been acted upon; (5) that plaintiff should be required to file a bond in the amount of $150,000.00 as a condition for the order of expungement; and (6) the plaintiff's application is made in bad faith.

The only question raised by the defendants' declaration and points and authorities filed in opposition to plaintiff's motion which merits discussion is as follows:

May a party to an action file a lis pendens after the trial proceeding has been completed and the matter is on appeal? If yes, which court, trial or appellate, is the proper forum to consider a request to expunge the lis pendens?

## DISCUSSION OF CALIFORNIA LAW

■ Code of Civil Procedure section 409 provides that in an action concerning real property or affecting the title or the right of possession of real property, a party to the action may file a lis pendens any time after the filing of their respective pleading to give notice of the pendency of the action.

"An action is deemed to be pending for the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Code Civ.Proc., § 1049) Therefore, the filing of a lis pendens during the appellate process would be proper so as to give notice of the continuing pendency of the action.

Expunging a lis pendens is provided for in Code of Civil Procedure section 409.1 as follows: "At any time after notice of pendency of an action has been recorded pursuant to Section 409 or other law, the court in which the action is pending shall, upon motion of a party to the action supported by the affidavit, order that the notice be expunged, . . ." The question of which state court the "action is pending" was addressed in *United Professional Planning, Inc. v. Superior Court,* 9 Cal.App.3d 377, 385, 88 Cal. Rptr. 551 (1970). Code of Civil Procedure section 916 directs that the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein. This section continues to state that the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order. In *United Professional Planning, supra,* the court held that the question of whether or not a lis pendens should be expunged was not embraced by the underlying action that is on appeal but is collateral to said action. Both the trial and appellate court have the power to expunge the lis pendens but the court continued to state that the trial court is the preferred forum because of the possibility of witnesses and presentation of evidence.

## FEDERAL JURISDICTION

■ The law is well settled that once a matter is taken on appeal from the district court, the trial court has lost jurisdiction to rule on matters before the appellate court.[1] This withdrawal of jurisdiction is a judicial rule to avoid confusion and waste of time

---

1. See *9 Moore's Federal Practice* ¶ 203.11 at 739 (2d Ed. 1979) for a general explanation of this rule and citation to cases.

that might flow from putting the same issue before two courts at the same time. This underlying rationale is sometimes forgotten in a mechanical application of the principle. The issue of expunging a lis pendens is supplemental to issues determined in the underlying action and does not fall within the limitation on jurisdiction when an appeal has been taken. See *Johnson Chemical Company, Inc. v. Condado Center, Inc.,* 329 F.Supp. 98 (D. Puerto Rico, 1971) for ruling on an identical question concerning loss of jurisdiction. The court in *Johnson, supra,* cited to *United Professional, supra,* as persuasive authority. Additionally, one may look to *U.S. v. 329.22 Acres of Land,* 307 F.Supp. 34, 52 (M.D.Florida, 1968) for the general proposition that supplemental issues are not beyond the jurisdiction of the trial court when a notice of appeal has been filed on the underlying matter. Therefore, at least the bankruptcy court has jurisdiction to determine whether or not the lis pendens should be expunged because the issues that must be decided to determine that question are supplemental to the underlying action under California law and Federal interpretation of the scope of appeal.

## CONCLUSION

For the reasons above set forth, this Court concludes that it has jurisdiction to determine whether or not the subject lis pendens should be expunged and finds in the affirmative. This Court has heretofore determined that plaintiff should be relieved from the automatic stay and thus permitted to pursue its remedy occasioned by the default of defendants and a lack of adequate protection of plaintiff's interest in the subject property coupled with no equity in the debtors and said property not being necessary for an effective reorganization. Defendants filed a notice of appeal and requested stay from the Bankruptcy Appellate Panel which was denied June 14, 1982, and further moved said panel to reconsider the denial of stay, which motion was likewise denied June 25, 1982.

This Court finds that defendants had no justification for filing the subject lis pendens and filed the said lis pendens vexatiously and for the purpose of harassing plaintiff. Accordingly, this Court intends to order the same expunged and to award attorney's fees to plaintiffs in the sum of FIVE HUNDRED FORTY–SEVEN DOLLARS ($547.00).

Attorneys for plaintiff will prepare and submit an order consistent herewith.