**In re TARA OF NORTH HILLS, A North Carolina General Partnership, Debtor.**

**Barney K. HUANG, and Lindy Huang, Plaintiffs,**

v.

**PIONEER SAVINGS BANK, INC., Defendant.**

**Bankruptcy No. 87–00455–SO5.**

**Adv. No. S–87–0292–AP.**

United States Bankruptcy Court, E.D. North Carolina.

April 1, 1988.

Thomas L. Barringer, Raleigh, N.C., for plaintiffs.

John L. Shaw, David L. Warren, Rocky Mount, N.C., for defendant.

David W. Boone, Raleigh, N.C., Chapter 7 Trustee.

MEMORANDUM OPINION
AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the "Motion to Dismiss, Motion to Cancel Notice of Lis Pendens" filed by the defendant, Pioneer Savings Bank, Inc. on November 24, 1987. A hearing was held on January 4, 1988, in Raleigh, North Carolina.[1]

---

1. Also heard on that date was the plaintiffs' "Motion to Remand and for Sanctions." This court recommended to the district court that the proceeding not be remanded. The recommendation was adopted by Chief United States District Judge W. Earl Britt on March 16, 1988 (entered by the bankruptcy clerk on March 23, 1988). At the hearing on January 4th the court heard arguments of both parties concerning the defendant's motion to dismiss the *lis pendens,*

## JURISDICTION

This court's jurisdiction over this adversary proceeding was addressed in the Report and Recommendation (pp. 4–8) filed on February 11, 1988, and adopted by the district court. This bankruptcy court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2) which this court may hear and determine. See discussion of "core proceeding" on pp. 7–8 of the Report and Recommendation.

## FACTS [2]

The debtor in this case is Tara of North Hills, a North Carolina General Partnership, which owned a 150–unit apartment project in Raleigh known as Tara of North Hills. The case began as an involuntary chapter 11 case filed by one of the debtor's three general partners, W. Garland Avent, on February 19, 1987. An order for relief was entered on March 27, 1987, and on April 23, 1987, David W. Boone was appointed chapter 11 trustee pursuant to a consent order signed by the debtor's three general partners (Mr. Avent, Barney K. Huang and Lindy W. Huang) and by the debtor's largest creditor, Pioneer Savings Bank, Inc. ("Pioneer").

The trustee recommended that the apartments be sold and that the case be converted to a case under chapter 7.

Mr. and Mrs. Huang objected to the sale of the property and a hearing was held on August 3, 1987, after which a public sale was authorized, the case was converted to a case under chapter 7, and David W. Boone was named chapter 7 trustee.

The public sale was held and Pioneer was the successful bidder at $2,475,000. Mr. and Mrs. Huang filed an objection to confirmation of the sale and a hearing was

held on August 31, 1987, after which the sale to Pioneer was confirmed and an order confirming the sale entered on September 1, 1987.

After the assets of the debtor's estate were liquidated, the trustee, on October 18, 1987, brought an adversary proceeding (A/P No. S–87–0250–AP) pursuant to 11 U.S.C. § 723 against the debtor's general partners (Mr. Avent and Mr. and Mrs. Huang) to recover the balance of the unpaid claims against the estate, the largest claim being that of Pioneer in an amount in excess of $540,000. Subsequently, Mr. Avent has filed his own petition under chapter 7 of the Bankruptcy Code and the adversary proceeding brought by the trustee has been dismissed as to him.

On November 2, 1987, Mr. and Mrs. Huang filed a "Notice of Lis Pendens" in the Superior Court of Wake County, North Carolina, in a civil action captioned "Barney K. Huang and Lindy W. Huang v. Pioneer Savings Bank, Inc." (No. 87 CVS 9619). The notice of *lis pendens* specifically relates to the apartment project purchased by Pioneer at the trustee's public sale and is recorded in Judgment Book 156 at Page 35. The notice of *lis pendens* states that:

> "Plaintiffs allege by and through this action that Defendant acquired title improperly by wrongfully participating in the chain of events which led to said sale; to wit, by converting funds of the Plaintiffs and said partnership tendered as payment of said partnership's indebtedness to Defendant."

In addition to the notice of *lis pendens*, the Huangs filed an "Application and Order Extending Time to File Complaint" in which the cause of action is described as an "Action to require Defendant to convey real and personal property obtained by Defendant as a result of wrongful conversion of Plaintiffs' monies by Defendant."

but has withheld its ruling pending the district court's decision concerning the plaintiffs' motion for remand. *See* endnote 8 of this court's "Report and Recommendation" filed on February 11, 1988.

2. The facts recited in the report and recommendation filed on February 11, 1988, are adopted for purposes of this memorandum opinion.

On November 24, 1987, Pioneer filed an "Application for Removal" removing the civil action pending in superior court to the bankruptcy court. Additionally, Pioneer filed a motion to dismiss the removed adversary proceeding and to dismiss the *lis pendens*. The defendants filed a motion to remand and a request for sanctions against Pioneer. The hearing was held on January 4, 1988, this court recommended that the proceeding not be remanded, and the recommendation was adopted by the district court.

At the hearing on January 4th, counsel for the Huangs explained that the civil action against Pioneer involves allegations that Pioneer applied funds belonging to the partnership to loans which Mr. Avent owed to Pioneer. That diversion of funds, according to the Huangs, caused the debtor's loan with Pioneer to become in default, permitted the acceleration of the loan balance, led to attempts to foreclose, and ultimately resulted in the sale of the property by the chapter 7 trustee to Pioneer at public auction.[3]

Based on the foregoing, the court finds that the action in which the *lis pendens* arises is not an action affecting title to real property, an action to foreclose any mortgage or deed of trust or to enforce any lien on real property, or an action in which any order of attachment is issued and real property is attached.

## DISCUSSION AND CONCLUSIONS

■ The statutory basis for *lis pendens* under North Carolina law is found at N.C. GEN.STAT. § 1–116(a). *Lis pendens* under North Carolina law is appropriate in civil cases in actions:

(1) affecting title to real property;

(2) to foreclose any mortgage or deed of trust or to enforce any lien on real property; or

(3) in which any order of attachment is issued and real property is attached.

N.C.GEN.STAT. § 1–116(a).

The plaintiffs contend in this proceeding that the action affects the title to real property, i.e., the 150–unit apartment project known as Tara of North Hills.

In essence, the Huangs' civil case seeks damages from Pioneer for converting the debtor's funds, causing the debtor to lose its property, and thereby damaging the debtor's general partners. From those allegations it would seem that the cause of action against Pioneer belongs to the debtor, rather than to the debtor's general partners. If title to real property was affected, it was the real property which belonged to the debtor's estate. The trustee, Mr. Boone, is responsible for the property of the debtor's estate and he supports a dismissal of the notice of *lis pendens*. See also *Wolfe v. Hewes*, 41 N.C.App. 88, 254 S.E.2d 204 (1979).[4]

But, even if the cause of action asserted in this proceeding belongs to the general partners, the action still does not affect title to real property. The title to the apartment project belonged to the debtor's estate and was properly conveyed by a court approved sale to Pioneer. The proceeding and the notice of *lis pendens* in effect constitute a collateral attack by the Huangs on a sale authorized and approved by this court. The Huangs objected to the public sale by the trustee, a hearing was held, an order was entered approving the sale, and no appeal was taken. After the sale, at which Pioneer was the successful purchaser, the Huangs objected to confirmation of the sale, a hearing was held, an

3. The complaint filed by the plaintiffs is attached to the defendant's "Brief in Support of Motion to Dismiss and Motion to Cancel Notice of Lis Pendens." The court has reviewed the complaint and the summary of counsel for the plaintiffs describing the complaint is accurate.

4. In *Wolfe v. Hewes*, the North Carolina Court of Appeals affirmed the dismissal of a notice of *lis pendens* in connection with an action brought by a partner alleging that partnership funds had been diverted by a partner to purchase real property. In affirming the dismissal of the notice of *lis pendens* covering the purchased property, the court held that the partner's allegations failed to state a cause of action affecting title to real property—merely alleging a diversion of partnership assets without connecting the diversion to the property was not sufficient.

order confirming the plan was entered, and no appeal was taken. The Huangs were unsuccessful in this court in their attempts to prevent the sale to Pioneer by the trustee, and are now indirectly challenging the sale in the state court proceeding which has been removed to this bankruptcy court.

Because the notice of *lis pendens* is not related to the type of action described in N.C.GEN.STAT. § 1–116(a), the notice should be dismissed.

■ N.C.GEN.STAT. § 1–120 provides that the court in which the action was commenced may "on good cause shown" order the notice of *lis pendens* to be cancelled of record. Although the court in which the action was commenced is the Superior Court Division of the General Court of Justice for Wake County, North Carolina, the civil suit has been removed to this court and this bankruptcy court is now the appropriate court to enter the order pursuant to N.C.GEN.STAT. § 1–120. *See also* N.C.GEN.STAT. § 1–120.1[5] and 11 U.S.C. § 105.[6]

Accordingly, a separate order shall be entered directing that the notice of *lis pendens* filed in the civil action No. 87 CVS 9619 in the Superior Court of Wake County, North Carolina and recorded in Judgment Book 156 at Page 35 be cancelled by the clerk of that court in accordance with N.C.GEN.STAT. § 1–120.

Furthermore, after considering the defendant's motion to dismiss, the court is of the opinion that the motion should be denied and the clerk of the bankruptcy court shall immediately schedule a preliminary pretrial conference in this proceeding.

SO ORDERED.

---

**5.** N.C.GEN.STAT. § 1–120.1 provides that the *lis pendens* provisions, which include N.C.GEN. STAT. § 1–120, apply "to suits affecting the title to real property in the federal courts."

**6.** 11 U.S.C. § 105(a) provides that the bankruptcy court may issue "any order, process, or judg-

ment that is necessary or appropriate to carry out the provisions of this title." *See In re Kodo Properties, Inc.,* 63 B.R. 588 (Bankr.E.D.N.Y. 1986) and *In re Thatcher,* 24 B.R. 764 (Bankr.E.D.Cal.1982).