[Civ. No. 12978. Fourth Dist., Div. One. Oct. 17, 1975.]

PAUL A. BECKER, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Casey, McClenahan, Fraley & Hauser and Ernest R. Fraley for Plaintiff and Appellant.

Smith, Shifflet & Sharp and William C. Shifflet for Defendant and Respondent.

## OPINION

**COLOGNE, J.**—On October 15, 1965, plaintiff Paul A. Becker suffered substantial injuries when he was struck by a pickup truck owned by Sanford-Robertson Interiors, a partnership.[1] The driver was operating the vehicle in the course and scope of his employment for the partnership and there was no issue of his liability. Donald Bruce Sanford, Cave R. Sanford, Jr., Kimba Sanford and Cave Andy Sanford, Sr., were the general partners.

State Farm Insurance Companies had issued a policy of automobile insurance to the partnership which provided coverage for all defendants with limits of $100,000 for injury to a single person. Donald Bruce Sanford and his wife also had a policy of liability insurance with State Farm with similar limits. In a settlement agreement State Farm agreed to pay the full $100,000 to Becker as the limit of liability due under the partnership policy and further agreed that it would pay the limits of the other policy (an additional $100,000) if the court determined the policy afforded coverage for this accident under Sanford's policy. In a suit for declaratory relief the policy was submitted to the court for determination of coverage. The trial court held the policy did not provide coverage. Becker appeals.

Since no extrinsic evidence was offered or received as an aid in interpreting the provisions of the insurance policy, we make an independent determination of its meaning, a judicial function to be exercised according to generally accepted canons of interpretation (*Parsons* v. *Bristol Development Co.,* 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839]).

The subject policy first provides protection to the Sanfords for damages arising out of the use or ownership of the automobile designated on the face of the policy which was *owned by* them.[2] The coverage of the first insuring agreement in the policy includes personal injury damages (designated coverage A) and property damage (designat-

---

[1] While not clear from the record the nature of the business Sanford-Robertson Interiors was engaged in, it is apparent they were not engaged in the automobile business.

[2] The agreement defines an "owned automobile" as one which is described in the declaration on the face of the policy, a temporary substitute and newly acquired automobile, but it describes a "non-owned automobile" as follows: ". . . under coverages A, B . . . means an automobile or trailer not owned by the named insured or any relative, other than a temporary substitute automobile; . . ."

ed coverage B) which is "caused by accident arising out of the ownership, maintenance or use, including loading or unloading *of the owned automobile.*" (Italics added.) A second portion of the insurance agreement deals with nonowned automobiles and provides protection for liability under coverages A and B *when a nonowned automobile is used by the named insured* or a relative, "and any other person or organization legally responsible for the use by the named insured or relative of an automobile not owned or hired by such other person or organization provided such use is with the permission of the owner or person in lawful possession of such automobile." The nonowned coverage specifically stated it "does not apply to a nonowned automobile . . . while used in the business or occupation of the named insured or relative. . . ."

The vehicle here was not designated on the face of the policy. It was not *owned* by the insured or a relative but rather the partnership, and it was not *used* by the insured or a relative or such a responsible permissive user, but rather an employee of the partnership. The policy, under its basic insuring provisions, provides no coverage for the liability in question and Becker makes no contention to the contrary.

Becker points to language in the "Exclusions" provisions for coverage. After stating the provisions for Insuring Agreement I (owned automobile) and Insuring Agreement II (nonowned automobile). the policy provides definitions under a title "Definitions—Insuring Agreements I and II," and in a third major heading then provides:

"Exclusions—Insuring Agreements I and II

"This insurance does not apply under:

"(a) any of the coverages . . . while the owned automobile is rented . . .

"(b) coverages A and B, to liability assumed by the insured under any contract or agreement;

"(c) coverages A and B, except as to the named insured, to the owned automobile while used in an automobile business, except that *coverages A and B shall apply, as excess insurance over any other collectible insurance,* to a resident of the same household as the named insured, *to a partnership in which such resident or the named insured is a partner, or to any partner, agent or employee of the* named insured, such resident or *partnership: . . . .*" (Italics added to show language relied on by Becker.)

Becker says the language gives excess coverage for liability for all vehicles owned by the insured as a partner. State Farm asserts the excess coverage provided in this clause applies only to the *"owned automobile while used in an automobile business."* (Italics added.) While the language of the policy in this section is cumbersome and could be more explicit, we do not find it ambiguous.

The first three exclusions here very clearly cover specific areas of concern, among others described in the policy,[3] and must be strictly construed against the insurer as normally they limit the extent of coverage by the agreement (see *State Farm Mut. Auto. Ins. Co.* v. *Jacober,* 10 Cal.3d 193, 201-202 [110 Cal.Rptr. 1, 514 P.2d 953]). The first portion of subsection (c) would exclude from coverages A and B any use of an owned automobile in an automobile business unless the use of the owned automobile in the automobile business is by the named insured. "Automobile business" is specifically defined in the policy as the business of selling, repairing, servicing, storing or parking automobiles.

■ The word "except" means "to take or leave out (something) from a number or a whole: exclude or omit."[4] ■ Bearing this in mind the clause which follows the word "except" must be removed, excluded or omitted from the whole of the subject to which it refers. The subject reference, however, remains intact. The "excepted" provision here in question is in the same sentence and immediately following the language which provides the policy shall not apply liability insurance coverages A and B to an owned automobile while used in an automobile business.[5] This, just as each of the other subsections in the exclusions portion of the policy, is the area of concern from which the exception stated in the subsection must be taken. Subsection (c) carves one exception (giving coverage not limited to excess insurance) for the "named insured" after referring to the coverages A and B and a second exception (covering only excess insurance) immediately after referring to the "owned automobile

---

[3]Other provisions of the exclusions portion of the policy, subsections (d) through (m), cover such areas of concern as other insurance under a nuclear energy liability policy, accidents involving employees of a single employer, injuries covered by workers' compensation, etc., not material to the issues of this case.

[4]Webster's Third New International Dictionary.

[5]The first "exception" clause, however, makes coverages A and B available with respect to the use by the named insured of an owned automobile in an automobile business.

while used in an automobile business." The principal area of concern for this second "except" is an automobile business, and it cannot be ignored in considering what is being excepted by the clause. To say this exclusionary portion of the policy provides, or by virtue of alleged ambiguous language impliedly provides, coverage for all vehicles in the partnership is to ignore the plain language of the rest of subsection (c) which deals only with an "owned automobile while *used in an automobile business.*" (Italics added.)

Similarly, the language designating the encompassed area of concern applies only to an *owned automobile.* The vehicle involved in this case was not an "owned automobile" according to the definition stated in the policy since it was not described on the face of the policy and by stipulation was owned by the partnership.

We are mindful ambiguities in an insurance policy must be strictly construed against the insurer who is bound to use language clear to the ordinary mind (*Prickett* v. *Royal Ins. Co. Ltd.,* 56 Cal.2d 234, 237 [14 Cal.Rptr. 675, 363 P.2d 907, 86 A.L.R.2d 711]). It is also true that the understanding of the ordinary person is the standard to be used in construing an insurance contract (*Migliore* v. *Sheet Metal Workers' Welfare Plan,* 18 Cal.App.3d 201, 204 [95 Cal.Rptr. 669]). It is unreasonable for one to block from his vision subject matter contained in the rest of the sentence or to construe the language of this exception clause without reference to either the subject from which it is to be excepted or its context as one of several areas of concern dealt with in the exclusions portion of the policy. We deem it inappropriate too for Becker to conclude benefits extending coverage to all partnership liability would be stated in the excepted part of the exclusionary provisions of the policy when there is nothing in the insuring portion of the agreement to indicate the injuries fall within the insuring clause (cf. *State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d 193, 201).

The excess coverage applies only to owned automobiles while used in the automobile business by any of the three categories of persons or entities specified.[6] It has no application here.

---

[6]Thus, the excess insurance coverage A and B applies to use of an owned automobile in the automobile business by (1) a resident of the same household as the named insured, (2) a partnership in which such resident or the named insured is a partner, or (3) any partner, agent or employee of the named insured or of (1) or (2).

There was no error in the interpretation made by the court below.

Judgment affirmed.

Ault, Acting P. J., and Coughlin, J.,* concurred.

A petition for a rehearing was denied November 4. 1975. and appellant's petition for a hearing by the Supreme Court was denied December 11, 1975.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.