**GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**CITY OF BELVEDERE, et al., Defendants.**

**And Related Counterclaim.**

**No. C–83–0621–JPV.**

United States District Court, N.D. California.

Feb. 21, 1984.

Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Redwood City, Cal., for plaintiff.

Long & Levit, San Francisco, Cal., for defendant and counterclaimant.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

VUKASIN, District Judge.

This matter came on for hearing before this Court, Honorable J.P. Vukasin, Jr., District Court Judge, presiding, on January 18, 1984. Having duly considered both the

oral and written arguments of counsel, this Court now issues this decision granting defendant's motion for partial summary judgment.

This action was brought by plaintiff, General Insurance Company, to secure a declaratory judgment from this Court ruling that an insurance policy it issued in 1978 to defendant City of Belvedere did not cover a judgment in favor of defendants Vargas and Kelley against the City arising out of a property damage action involving the issue of inverse condemnation. The plaintiff's claim of non-coverage was premised on an exclusion clause in the policy, which reads as follows:

"The policy does not apply to liability arising under Article I, Section 14, of the Constitution of the State of California."

Prior to the 1974 emendation and renumbering of certain sections of the California Constitution, the above section referred to eminent domain proceedings; the section currently refers to felony prosecutions. Eminent domain is now treated in Article I, Section 19, of the California Constitution.

Plaintiff claims that the policy simply refers to the wrong section of the California Constitution, and that instead of referring to Section 14 it should refer to Section 19. Plaintiff seeks to have the policy reformed to reflect what it contends to be the correct section of the State Constitution. However, plaintiff also maintains that the exclusion as presently phrased is not ambiguous owing to a long history of judicial usage reading Article I, Section 14, as "synonymous" with inverse condemnation proceedings.

Defendant has now moved for partial summary judgment on the grounds that, utilizing an objective test for the interpretation of insurance contracts, the exclusion as reformed is ambiguous as a matter of law. In opposing this motion, plaintiff contends that the correct standard for interpretation is a subjective one and that therefore the question of ambiguity is one of fact which can only be resolved by further discovery in order to determine what the City of Belvedere subjectively understood by the policy exclusion.

## ANALYSIS

California law supplies the rule of decision in this diversity case. *Browne v. McDonald Douglas Corp.*, 504 F.Supp. 514, 518 (N.D.Cal.1980); Cable v. Sahara Tahoe Corp., 93 Cal.App.3d 384, 395, 155 Cal.Rptr. 770, 777 (1979).

Under California law, absent circumstances indicating a contrary intent, words used in an insurance policy are to be understood in their plain, ordinary, and popular sense. *Farmers Ins. Exchange v. Harmon*, 42 Cal.App.3d 805, 117 Cal.Rptr. 117 (1974). There has been no showing here of such circumstances. California courts have consistently held that the test to be employed in the interpretation of contracts of insurance is an objective one: What the reasonable person of average education and intelligence would understand by the terms of the contract. *Crane v. State Farm Fire and Casualty Co.*, 5 Cal.3d 112, 95 Cal.Rptr. 513, 485 P.2d 1129 (1971); *Arenson v. National Auto and Casualty Insurance Company*, 45 Cal.2d 81, 286 P.2d 816 (1955); *City of Mill Valley v. Transamerica Ins. Co.*, 98 Cal. App.3d 595, 159 Cal.Rptr. 635 (1979); *Aas v. Avemco Ins. Co.*, 55 Cal.App.3d 312, 127 Cal.Rptr. 192 (1976); *Becker v. State Farm Mutual Auto Ins. Co.*, 52 Cal.App.3d 282, 124 Cal.Rptr. 739 (1975); *United Services Automobile Assn. v. Kresch*, 48 Cal.App.3d 640, 121 Cal.Rptr. 773 (1975); *Migliore v. Sheet Metal Workers' Welfare Plan*, 18 Cal.App.3d 201, 95 Cal.Rptr. 669 (1971). Language in the policy is to be construed as a layman would read it, not as an attorney or insurance agent might read it. *Crane, supra.* Plaintiff's claim that a subjective test is to be employed is therefore inaccurate. Plaintiff's further contention that, as a public entity, the City of Belvedere should be held to a higher standard of knowledge or sophistication concerning interpretation of terms in insurance policies is unsupported by California case law. *City of Mill Valley, supra,* 98 Cal.App.3d

at 602, 159 Cal.Rptr. 635. The question of whether the purported exclusion therefore operated effectively to bar liability in inverse condemnation actions is thus a question of law and may properly be decided by the Court on a motion for summary judgment.

An insurer has the right to limit coverage of a policy issued by it and is at liberty to limit the character and extent of the risk it undertakes to assume. *Kincer v. Reserve Ins. Co.,* 11 Cal.App.3d 714, 90 Cal.Rptr. 94 (1970), citing *Continental Casualty Co. v. Phoenix Constr. Co.,* 46 Cal.2d 423, 296 P.2d 801 (1956). When it has done so, the plain language of the limitation must be respected. However, exceptions which purport to limit liability are to be construed strictly against the insurer and liberally in favor of the insured. Whereas coverage clauses are interpreted broadly so as to afford the greatest possible protection to the insured, exclusionary clauses are interpreted narrowly against the insurer. *Reserve Insurance Co. v. Pisciotta,* 30 Cal.3d 800, 180 Cal. Rptr. 628, 640 P.2d 764 (1982). Provisions in an insurance contract which purport to exclude coverage or substantially limit liability must be set forth in language which is "conspicuous, plain, and clear." *Crane, supra,* 5 Cal.3d at 115, 95 Cal.Rptr. 513, 485 P.2d 1129.

While inarguably conspicuous and plain, it is doubtful that plaintiff's purported exclusion, even as reformed, is sufficiently clear to meet the test required under California law. Employing the required objective standard, it is questionable whether the reasonable person of ordinary education and intelligence, upon being referred by his policy to "Article I, Section 19" of the Constitution, would emerge with any conviction that what was meant was inverse condemnation. Although such actions do indeed "arise under" that provision, neither the old Section 14 nor the present Section 19 makes specific reference to inverse condemnation. In fact, the words appear neither in the Constitution nor, as plaintiff itself points out, in the index to the Constitution. In order to inform himself that the Section covers inverse condemnation actions, the reasonable layman would either have to consult an attorney or familiarize himself with California appellate law. That he should be required to so bedevil himself simply in order to comprehend the terms of his policy is surely not what was intended by the requirement that policy exclusions be "conspicuous, plain, and clear." For much the same reason, plaintiff's argument that Article I, Section 14, is "synonymous" with inverse condemnation actions is unmeritorious. As to an attorney this is at best arguable. As to the average layman it is deeply improbable.

CONCLUSION

The Court concludes:

1. The purported exclusion in the policy issued by General Insurance Company to the City of Belvedere was not sufficiently clear so as to be understandable to a reasonable person;

2. The exclusion is ambiguous as a matter of law and is therefore unenforceable.

Accordingly, THE COURT HEREBY GRANTS Defendant's Motion for Partial Summary Judgment.