[No. A041940. First Dist., Div. One. Mar. 23, 1989.]

NANCY BARTLOME, Plaintiff and Appellant, v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant
and Respondent.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for partial publication. The portion to be published follows.

**COUNSEL**

Stanley Pedder and Malott, Pedder, Stover & Hesseltine for Plaintiff and Appellant.

J. Scott Buresh, Steven K. Austin and York, Buresh & Kaplan for Defendant and Respondent.

**OPINION**

STEIN, J.—Nancy Bartlome appeals from a judgment in favor of respondent State Farm Fire & Casualty (State Farm) in a declaratory judgment action.

After settling her personal injury claim for the limits of a commercial liability policy issued to "Tahoe Boat Rental," Bartlome sought to establish additional coverage under a personal liability umbrella policy issued by State Farm to Lloyd Canton, one of the partners of Tahoe Boat Rental. On appeal she contends the operators of the boat that caused her injury were

insureds under Canton's policy because any property owned by the partnership was also "owned by" Canton, as an individual.

We hold that the definition of "insureds," as including permissive users of boats "owned by" the named insured under Canton's personal liability policy, did not include permissive users of a boat owned by the partnership.

## FACTS

On July 7, 1986, a motorboat operated by Warren Eacret collided with appellant causing the amputation of one of her legs below the knee. Kreg Eacret rented the boat from Tahoe Boat Rental earlier that day. The motor boat was registered with the Department of Motor Vehicles in the name of "Tahoe Boat Rental," which is a California partnership formed for the purpose of renting pleasure boats along the northwest shore of Lake Tahoe. Lloyd Canton and John Kearns are the sole partners of Tahoe Boat Rental.

A comprehensive business liability policy issued by United National Insurance Company to Tahoe Boat Rental was in effect on the date of this boating accident. The boat involved in the accident was specifically identified as a covered boat in the United National policy, which provided coverage in the amount of $500,000 for losses arising from the operation of the Tahoe Boat Rental business.

Appellant filed a personal injury action against Kreg Eacret, Warren Robert Eacret, and Lloyd Canton and John V. Kearns both individually and doing business as the general partnership "Tahoe Boat Rental." United National Insurance Company acknowledged that its comprehensive business policy issued to Tahoe Boat Rental provided coverage and the parties negotiated a settlement resulting in the payment of the United National policy limit of $500,000 to appellant.

Appellant continued to pursue the instant declaratory relief action against State Farm which had issued a policy entitled "Personal Liability Umbrella Policy" to Lloyd E. Canton and his wife Sharon.

The trial court held that the Eacrets were not "insureds" under Canton's personal liability umbrella policy because the boat involved in the accident belonged to the partnership and was not "owned" by Canton, the named insured.

## ANALYSIS

### I.

Appellant relies on the following portion of the definition of "insured" as the basis for finding coverage for the Eacrets: "any person or organization while using or holding an automobile, recreational motor vehicle, or watercraft owned, rented by, or loaned to the named insured, provided that the named insured gave permission for the type of use." ▆▆ Appellant contends that the Eacrets were permissive users of a boat "owned" by Lloyd Canton, and that they therefore are insureds as defined by Canton's personal liability umbrella policy. She asserts that, despite the absence of any facts showing that Canton considered the boat, which was registered to the partnership, to be his personal property, or that he exercised any actual control over it, he must nonetheless be deemed the "owner" of each of the partnership's specific assets because a partnership is not an entity, but rather is an "aggregation of individuals."

▆▆ It is by now well established that words used in an insurance policy are to be interpreted according to their plain meaning, and the courts will not adopt a strained or absurd interpretation in order to create an ambiguity where none exists. (*Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800, 807 [180 Cal.Rptr. 628, 640 P.2d 764].) If an ambiguity does exist it shall be construed against the insurer, if that construction conforms to the reasonable expectations of the insured. (*Id.,* at p. 808.) If, however, a term in an insurance policy has been judicially construed, it is not ambiguous and the judicial construction of the term should be read into the policy unless the parties express a contrary intent. (2 Couch on Insurance (2d ed. 1984) § 15:20; *Allstate Ins. Co.* v. *Chinn* (1969) 271 Cal.App.2d 274, 279 [76 Cal.Rptr. 264].)

▆▆ Neither party cites any California case specifically addressing the question whether a policy insuring permissive users of property "owned" by an individual also covers permissive users of property of a partnership of which the individual is a member. We are persuaded by cases from other jurisdictions, by our own interpretation of California partnership law, and the particular facts of this case that the term "owned by . . . the named insured" in Canton's personal liability insurance policy cannot include a boat registered to Tahoe Boat Rental, and used exclusively for partnership purposes.

▆▆▆ The premise of appellant's argument is that individual partners must be deemed the owners of partnership property because a partnership is merely an aggregation of individuals. In support of this proposition she

relies on several cases that she contends stand for the proposition that California follows the "aggregate theory of partnership": *Reed* v. *Industrial Acc. Com.* (1937) 10 Cal.2d 191 [73 P.2d 1212, 114 A.L.R. 720] and *National Auto Ins. Co.* v. *Indus. Acc. Com.* (1938) 11 Cal.2d 689 [81 P.2d 926].[1] Although these cases do announce that general principle, California law treats a partnership as a "hybrid" organization that is viewed as an aggregation of individuals for some purposes, and as an entity for others. (*Epstein* v. *Frank* (1981) 125 Cal.App.3d 111, 119 [177 Cal.Rptr. 831].) One of the primary areas in which a partnership is viewed as an entity is with respect to ownership of property. California Corporations Code section 15008 specifically provides that a partnership may hold title to real property, and further defines any property, real or personal, that is acquired "on account of the partnership," as partnership property.

California Corporations Code section 15025 defines an individual partner's interest in specific partnership assets. Section 15025 begins by stating that "[a] partner is coowner with the other partners of specific partnership property holding as a tenant in partnership"; however, the restrictions placed on an individual partner's interest in partnership property by section 15025 are all encompassing. The section states that a partner has no right to possess specific partnership property for nonpartnership purposes without the consent of his fellow partners; it prohibits a partner from assigning or selling his interest in specific partnership property without the consent of his partners; it prohibits enforcement of a money judgment against specific partnership property in connection with the debt of an individual partner; it requires that the right to specific partnership property vests in surviving partners rather than in the estate of a deceased partner; and it states that specific partnership property is not the community property of any individual partner. Thus, most of the normal incidents of ownership are held by the partnership as a group rather than the individual partners.[2]

The only California case arguably addressing the issue whether a partner possesses what are commonly understood as the rights of an owner, with respect to specific partnership assets, is *Becker* v. *State Farm Mut. Auto Ins. Co.* (1975) 52 Cal.App.3d 282 [124 Cal.Rptr. 739]. In that case the plaintiff was injured by a truck the parties characterized as "owned by" a partnership. The plaintiff obtained a settlement for the limits of the policy issued to the partnership and then sought declaratory relief that a policy issued to one of the partners, individually, also provided coverage. That policy

---

[1] *Southwestern Financial Corp.* v. *Kelly* (Cal.App., B014454), relied upon by appellant, was ordered depublished on April 30, 1987.

[2] Except for the substitution of gender neutral language and the phrase "enforcement of a money judgment" for "attachment and execution," California Corporations Code section 15025 is identical to section 25 of the Uniform Partnership Act.

provided coverage to the individual for damages arising out of the use of an automobile "owned by" him or for nonowned vehicles "used by the named insured or a relative." The court stated that the truck was not owned by the individual partner but rather was owned by the partnership. (*Id.,* at p. 285.) *Becker,* while instructive, is not dispositive of this issue for two reasons: The policy in *Becker* defined an "owned automobile" as one which was listed in the declarations, a temporary substitute or a newly acquired automobile. The truck was not listed in the declarations. Thus, the court's statement that the individual partner did not "own" the partnership's truck may have been based on this definition. Second, the court stated later in its opinion that it was stipulated that the truck was "owned by the partnership."

Respondent cites *Mission Ins. Co.* v. *Feldt* (1964) 62 Cal.2d 97 [41 Cal.Rptr. 293, 396 P.2d 709] as authority for the proposition that an individual partner should not be deemed the "owner" of a vehicle registered to the partnership. In *Mission Ins.* a vehicle registered to a joint venture was involved in an accident. One of the partners of the joint venture had an automobile liability policy that provided coverage only for the use of a motor vehicle "not owned" by the individual partner. At the time he took out the policy he did not own any vehicles and had not yet formed the joint venture. The court held that the vehicle was "not owned" by the individual partner despite the fact that, as a partner, he had an "equitable interest" in the vehicle. (*Id.,* at p. 102.) This case is also distinguishable because the decision to construe ownership to mean only registered ownership was based primarily on certain Vehicle Code provisions requiring proof of financial responsibility that were relevant to the particular policy in that case.

There are, however, persuasive decisions from other jurisdictions that are directly on point. In *Employers Cas. Co.* v. *Employers Commercial Union* (5th Cir. 1980) 632 F.2d 1215, an individual, Robert Owens, was a member of several partnerships including Russellville Steel Company, and Owens Fabricating. A vehicle that was owned by Russellville was involved in an accident while being driven by an employee of Owens Fabricating. A condition of the Commercial Union policy in dispute provided that it was only excess insurance as to any vehicles not owned by the named insured, Robert Owens dba Owens Fabricating. The issue before the court was whether Robert Owens was also an owner of the truck by virtue of his status as a partner in Russellville. If Robert Owens did not own the truck, Commercial Union was only an excess insurer. Employers, the insurer of Russellville, made an argument in support of its claim for contribution identical to that advanced by appellant in this case: "Employers argues that Alabama has rejected the entity concept of a partnership and adopted the theory that a partnership is merely an aggregate of its individual members. Thus, any property owned by the partnership of Owens and Brignet, doing business as

Russellville, would be owned, separately and severally, by Owens and Brignet." (*Id.*, at p. 1219.)

The court rejected this argument based on its interpretation of the relevant provision of the Alabama partnership law, which is identical in all substantive respects to section 25 of the Uniform Partnership Act and California Corporations Code section 15025. The court reasoned as follows: "Alabama has adopted the Uniform Partnership Act (UPA) with some modifications not material to our discussion. Although Ala.Code § 10-8-72(a) (UPA § 25(a)) states that '[a] partner is a co-owner with his partners of specific partnership property holdings as a tenant in partnership,' it proceeds to destroy the traditional incidents of ownership. For example, a partner has no right to possess the property without the consent of the partners; a partner's right to specific partnership property is not assignable; and the right to property vests in the surviving partners rather than the estate of a deceased partner. One authority has made the following observation:

"Although stating that each partner is a co-owner of the partnership property, the [§ 25 of the Uniform Partnership] Act systematically destroys the usual attributes of ownership . . . . Functionally, despite the literal language, the *partnership owns its property and the partners do not*. The Act would be better if it conceded this rather than accomplishing it by indirection. Crane and Bloomberg, *Law of Partnership* § 40(b) (1968) (footnotes omitted) (italics added)." (632 F.2d at pp. 1219-1220.)

Another federal court reached the same conclusion in *Saint Paul-Mercury Indemnity Co.* v. *Heflin* (D.C.Ark. 1956) 137 F.Supp. 520. In that case the court, analyzing the same provisions of the Uniform Partnership Act, held that an individual partner was not the owner of a vehicle purchased with partnership funds and used only for partnership purposes. (*Id.*, at p. 523.)

■ We consider these decisions from other jurisdictions interpreting provisions of the Uniform Act as persuasive authority. (*Estate of Butler* (1947) 29 Cal.2d 644 [177 P.2d 16, 171 A.L.R. 343].)

■ Appellant, attempting to distinguish *Employers,* argues that the court's analysis in that case is inapplicable because that case involved a dispute between two insurers. She contends that in the context of this case, " 'owner' would be defined in the broadest sense and would include . . . a partner like CANTON." Underlying appellant's argument is an assumption that the term "owned by" is ambiguous as applied to the interest of a partner in specific partnership assets. Although the concept of ownership

may be ambiguous in other contexts (see, e.g., *Allstate Insurance Co.* v. *Condon* (1988) 198 Cal.App.3d 148, 151 [243 Cal.Rptr. 623]), it is not in this case in light of the provisions of the California Corporations Code and prior judicial construction of the term as applied to these facts. (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 916, fn. 7 [226 Cal.Rptr. 558, 718 P.2d 920].)

■ Even assuming, arguendo, the term is ambiguous the interpretation urged by appellant is unreasonable in light of the extrinsic evidence admitted below. In his application Canton never disclosed his partnership affiliation. Appellant asserts that this was purely inadvertent because the policy was routinely renewed after Canton became a partner without amending the application. Appellant's argument misses the point. The significance of this omission is not that Canton intentionally misrepresented the facts on his application; rather, the failure to make any effort to correct this omission strongly supports the inference that Canton did not expect or intend that this personal liability umbrella would provide coverage for losses incurred through his business partnership. Further support for this inference is found in the fact that all of the policies listed as underlying insurance in the application for the umbrella policy were clearly policies covering vehicles owned by Canton and/or his wife, individually.

■ In addition to the insurance application, respondent offered Canton's deposition testimony that he never used the boat for his personal purposes. Appellant offered no evidence that Canton in any way exercised dominion and control over the boat, or that there was any commingling of his personal property with partnership assets. Thus, there was no evidence to refute the characterization of the boat as partnership property as defined by California Corporations Code section 15008.

In light of these facts, we conclude that the only reasonable construction of Canton's personal liability umbrella policy is that the boat registered to Tahoe Boat Rental, and used exclusively for partnership purposes, was not "owned by" Lloyd Canton individually. Our decision should not, however, be construed to mean that a vehicle legally registered to a partnership can never be deemed "owned by" one of the individual partners for purposes of finding insurance coverage under a definition of "insured" such as the one set forth in Canton's personal liability umbrella coverage policy. We merely reject the proposition that an individual partner is, in effect by operation of law, deemed the owner of specific partnership assets, simply by virtue of his status as a partner. As the court below observed, the effect of such an interpretation would be to permit individuals, who also happen to be members of partnerships, to take out personal liability policies at a comparative-

ly small premium and then read into them coverage for any number of undisclosed partnerships.

## II.*

. . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.

---

* See footnote, *ante,* page 1235.