73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland
corporation, Plaintiff,
Pieri-Debbas Enterprises; T-Bear, Inc.; Debbas
Construction, a California corporation, Counter-Claimants,
v.
PIERI-DEBBAS ENTERPRISES, a California General Partnership;
T-Bear, Inc., a California corporation; Debbas
Construction, a California corporation, Defendants,
and
United States Fidelity and Guaranty Company, a Maryland
corporation, Counter-Defendant/Appellee,
v.
DALE VILLAGE APARTMENT COMPANY, a California General
partnership; The Enrique Apartment Company, Ltd., a
California Limited Partnership; and Villa Grande Apartment
Company, Ltd., a California Limited Partnership,
Counter-Defendants/Appellants.
 No. 94-55922.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1995.
Decided Dec. 20, 1995.
 
 Before: ALDISERT,* FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale Village Apartment Company appeals the district court's order granting USF & G's motion to dismiss under Fed.R.Civ.P. 12(b)(6). The District Court dismissed the apartment company's claims because of the "premises alienated" and "property owned" exclusions in USF & G's comprehensive liability policies. We review de novo. Mullis v. United States Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1387 (9th Cir.1987). We affirm.
 
 I. Premises Alienated Exception
 
 3
 The apartment company advances three arguments to support its contention that the premises alienated exclusion does not defeat coverage.
 
 
 4
 The apartment company argues that both corporate partners were not owners of the partnership property as a matter of law. In support of this proposition, it cites Bartlome v. State Farm Fire & Casualty Co., 208 Cal.App.3d 1235 (1989), Becker v. State Farm Mutual Auto Insurance Co., 52 Cal.App.3d 282 (1975), and Employers Casualty Co. v. Employers Commercial Union, 632 F.2d 1215 (5th Cir.1980). These cases, it maintains, override California Corporations Code Sec. 15025 which states that "[a] partner is a co-owner with the other partners of specific partnership property holding as a tenant in partnership."
 
 
 5
 We follow the plain language of Sec. 15025 and reject the argument. Bartlome, Becker, and Employers Casualty are distinguishable. They involve situations where property owned by the partnership causes injury, and additional coverage is sought from an individual partner's personal insurance policy. The decisions largely rest on the concern that to allow coverage in such cases would "permit individuals, who also happen to be members of partnerships, to take out personal liability policies at a comparatively small premium and then read into them coverage for any number of undisclosed partnerships." Bartlome, 208 Cal.App.3d at 1243-44. There is no such concern in the present case. The proposition that individual partners are not bound by the partnership's insurance policy exclusions does not follow from the principle that a partner's insurance policies do not cover damage done by the partnership's property.
 
 
 6
 Our analysis is not altered by two recent California cases dealing with a partner's ownership of a partnership's property. See Barr Lumber Co. v. Old Ivy Homebuilders, Inc., 34 Cal.App.4th Supp.1 (1995); Munkdale v. Giannini, 35 Cal.App.4th 1104 (1995). Barr Lumber simply applies the rule that a judgment foreclosing a lien on a partnership's property must name the partnership, and not just the partner, as a party. Munkdale follows a statutory definition of "change of ownership" which includes a transfer of property between a partnership and a partner. Neither case assists the apartment company's attempt to escape the premises alienated exclusion.
 
 
 7
 The apartment company further argues that the exclusion only applies to "named insureds", and the corporate partners are not "named insureds." Under the terms of the exclusion, however, it does not matter whether the corporate partners are named insureds. The exclusion was triggered when the partnership, as named insured, sold the property.
 
 
 8
 Finally, relying on Maryland Casualty v. Reeder, 221 Cal.App.3d 961, 968, 971-74 (1990), and Prudential-LMI Commercial Insurance Co. v. Reliance Insurance Co., 22 Cal.App.4th 1508 (1994), the apartment company argues that, when a developer purchases a broad form endorsement, the alienated premises exclusion does not apply, as long the developer never occupies or rents the premises. See Reeder, 221 Cal.App.3d at 978. The record reveals, however, that the partnership did rent the apartment complex prior to selling it to Dale. The apartment company asserts that the partnership always intended to resell the property as soon as possible, and that it only rented the property temporarily. We hold, however, that even the partnership's short-term rental activity eliminated any broad form exception to the premises alienated exclusion.
 
 II. Premises Owned Exclusion
 
 9
 The apartment company challenges the district court's application of the "property owned" exclusion for two reasons.
 
 
 10
 First, it contends that the exclusion does not apply to the corporate partners because they never "owned" the property. It argues that the district court erred in not requiring USF & G to provide documentation proving that the partners owned the apartments. The district court did not err. Documentation is not necessary. The partners were co-owners of the partnership's property.
 
 
 11
 Second, the apartment company contends that the completed operations and broad form coverage limits the application of the exclusion to the period of time that the partnership owned the property. It argues that once the apartments were sold, the property owned exclusion no longer applied. But duration of coverage has no bearing on the breadth of coverage. USF & G's insurance policies were for third-party liability; they did not cover damage to the apartments. The completed operations endorsement simply extended that policy to the period after construction. The completed operations endorsement still explicitly excluded the partnership's property from coverage.
 
 III. Other Arguments
 
 12
 We reject the apartment company's argument that denying coverage under the two exclusions renders the broad form and completed coverage endorsements "illusory and unreasonable." The endorsements plainly gave the partnership continuing coverage for damage to third parties resulting from the work of the partnership's subcontractors. Without the endorsements, the work-performed exclusion of the standard policy would prevent such coverage.
 
 
 13
 USF & G's liability policies were simply not intended to cover defects in the apartment company's apartments. "Generally liability policies ... are not designed to provide contractors and developers with coverage against claims [that] their work is inferior or defective. Rather liability coverage comes into play when the insured's defective materials or work cause injury to property other than the insured's own work or products. " Reeder, 221 Cal.App.3d at 967 (citation omitted) (emphasis added).
 
 
 14
 We also reject USF & G's request for briefing under Circuit Rules 30-2 and 38. The only specific factual inaccuracy cited by USF & G is the apartment company's failure to disclose the exact nature of the $10 million stipulated judgement. USF & G also alleges record omissions, but cites no specific examples. Sanctions under the Circuit Rules are not warranted.
 
 
 15
 Affirmed.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3