127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PEJCHA REVOCABLE TRUST; Marie H. Pejcha, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY; State Farm General
Insurance Company; State Farm Insurance Company,
Defendants-Appellees.
 No. 96-16644.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1997.
Filed Oct. 27, 1997.
 
 Appeal from the United States District Court for the Northern District of California James Ware, District Judge, Presiding
 Before KOZINSKI, MAYER,** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pejcha Revocable Trust and Marie H. Pejcha (collectively Pejcha) appeal from the district court's grant of summary judgment in favor of State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Insurance Company (collectively State Farm). The district court determined that, because of the "owned property" exclusion in the insurance policy, State Farm was not obligated to indemnify its insureds, Rancho Natomas Apartment Limited Partnership, Charles Heers, and Heers Management Company, for a judgment obtained against them by Pejcha. We affirm.
 
 
 3
 There is no dispute that the policy excludes coverage for damage to property owned by the insured. The Rancho Natomas partnership was the owner of the property in question, so unquestionably it was excluded.
 
 
 4
 Neither Heers nor Heers Management was listed as an insured on the policy. However, the policy did cover them insofar as it covered "any partner ... but only with respect to his liability as such." No doubt Heers and Heers Management are not literally owners of the partnership property. See Cal. Corp.Code § 15025; Munkdale v. Giannini, 35 Cal.App. 4th 1104, 1111, 41 Cal.Rptr.2d 805, 809 (1995); Bartlome v. State Farm Fire & Cas. Co., 208 Cal.App.3d 1235, 1242, 256 Cal.Rptr. 719, 723 (1989); see also Employers Cas. Co. v. Employers Commercial Union Ins. Co., 632 F.2d 1215, 1220 (5th Cir.1980). Nevertheless, it is obvious that the purpose of the insuring provision is to give the partners the same coverage as the partnership itself, so that claimants cannot simply sue or collect from the partners for acts of the partnership as to which it has coverage. Clearly, if Heers' and Heers Management's liability is simply based upon the fact that they were partners, the "owned property" exclusion, which applied to the partnership, applied to them also. They were not insured any more than it was. If, as is apparently the case, the court rested their liability upon their own negligence, or that of those who acted for them in one capacity or another, they were not insured at all. The policy did not cover them for any of their own separate acts of negligence.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 Hon. H. Robert Mayer, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Given the above, we need not enter the arcane "coverage timing" labyrinth into which State Farm seeks to lure us. See Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal.4th 645, 673-77, 897 P.2d 1, 15-17, 42 Cal.Rptr.2d 324, 338-42 (1995). Moreover, we need not consider the effect, if any, of the "alienated premises" exclusion. See Maryland Cas. Co. v. Reeder, 221 Cal.App.3d 961, 977-78, 270 Cal.Rptr. 719, 728-29 (1990); see also Camelot by the Bay Condominium Owners' Ass'n, Inc. v. Scottsdale Ins. Co., 27 Cal.App. 4th 33, 50 n. 7, 32 Cal.Rptr.2d 354, 363 n. 7 (1994); cf. Rieder v. Cherokee Ins. Co., 635 F.Supp. 699, 701-03 (E.D.Pa.1986), aff'd, 813 F.2d 398 (3d Cir.1987). Were we to do so, at oral argument Pejcha as much as conceded that this exclusion would bar recovery