127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
THE PEJCHA REVOCABLE TRUST; Marie H. Pejha, Plaintiffs-Appellants,
v.
MARYLAND CASUALTY COMPANY; The Maryland Group, Defendants-Appellees.
 No. 96-16890.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1997.
Filed Oct. 27, 1997.
 
 Appeal from the United States District Court for the Northern District of California James Ware, District Judge, Presiding
 Before KOZINSKI, MAYER,** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pejcha Revocable Trust and Marie H. Pejcha (collectively Pejchal) appeal from the district court's grant of summary judgment in favor of Maryland Casualty Company and The Maryland Group (collectively Maryland). The district court determined that, because of the "owned property" exclusion in the insurance policy, Maryland was not obligated to indemnify its insureds, Rancho Natomas Apartment Limited Partnership and Charles Heers, for a judgment obtained against them by Pejcha. We affirm in part and reverse in part.
 
 
 3
 1. There is no dispute that the policy excludes coverage for damage to property owned by the insured. The Rancho Natomas Partnership was the owner of the property in question, so it was unquestionably excluded. But when the district court determined that Heers himself was excluded, it erred. A partnership is, for many purposes, an entity separate from its partners. See Providence Wash. Ins. Co. v. Valley Forge Ins. Co., 42 Cal.App. 4th 1194, 1202, 50 Cal.Rptr.2d 192, 196 (1996). As a result, for all. practical purposes it owns the property of the partnership; the partners do not. See Cal. Corp.Code § 15025; Munkda]e v. Giannini, 35 Cal.App. 4th 1104, 1111, 41 Cal.Rptr.2d 805, 809 (1995); Bartlome v. State Farm Fire & Cas. Co., 208 Cal.App.3d 1235, 1242, 256 Cal.Rptr. 719, 723 (1989); see also Employers Cas. Co. v. Employers Commercial Union Ins. Co., 632 F.2d 1215, 1220 (5th Cir.1980). Heers was only a limited partner in the partnership and a shareholder of the general partner, a corporation known as Heers Management Company. Thus, Heers was not an owner of the property.
 
 
 4
 Maryland claims that, nevertheless, the underlying judgment which Pejcha obtained against Heers was necessarily based upon an ownership theory and that Pejcha cannot now contest that. See Collin v. American Empire Ins. Co., 21 Cal.App. 4th 787, 807, 26 Cal.Rptr.2d 391, 401 (1994); Rafeiro v. American Employers' Ins. Co., 5 Cal.App.3d 799, 805, 85 Cal.Rptr. 701, 705-06 (1970). Were the premise accurate, perhaps the conclusion would follow. But the premise is faulty. Nothing in the underlying litigation in the California Superior Court necessitates, or even suggests, that the court somehow rested Heers' liability upon ownership. Instead, liability appears to have rested upon Heers' own alleged negligence, or the negligence of those who worked for him in one capacity or another. Thus, the summary judgment cannot stand on the footing of the "owned property" exclusion.
 
 
 5
 2. The district court passingly referred to certain other exclusions and determined that they would not support a summary judgment. Maryland argues the applicability of some of those now and adds other possibilities, all for the purpose of sustaining the district court's summary judgment grant on alternate grounds. See Massachusetts Mut. Life Ins. Co. v. Ludwig, 426 U.S. 479, 480-81, 96 S.Ct. 2158, 2159, 48 L.Ed.2d 784 (1976). We agree with the district court that none of those grounds will do at this time--most must await the further development of the evidence. We will, however, briefly touch upon them.
 
 
 6
 The "occupied property" exclusion fails to protect Maryland for the same reason as does the "owned property" exclusion.
 
 
 7
 The "work performed" exclusion also fails to offer protection because when Heers purchased the broad form policy, he obtained coverage for work performed "on behalf of the insured," as opposed to that performed "by" the insured himself. See Prudential-LMI Commercial Ins. Co. v. Reliance Ins. Co., 22 Cal.App. 4th 1508, 1511, 27 Cal.Rptr.2d 841, 843 (1994); Maryland Cas. Co. v. Reeder, 221 Cal.App.3d 961, 971-74, 270 Cal.Rptr. 719, 724-26 (1990). Thus, the provision does riot, on its face, exclude Heers because the identity of the person who actually performed the damage-causing work remains to be determined.
 
 
 8
 The "product" exclusion may seem more promising for Maryland. However, when faced with the broad form policy, California courts have distinguished between products and services. See Reeder, 221 Cal.App.3d at 976.[1] Insofar as products are the problem, only the damage to those faulty products is excluded from coverage. Thus, the provision does not, on its face, exclude Heers from coverage. The "performing operations" exclusion is similarly limited. It only excludes damage to that part of the property upon which operations are being performed at the time of the damage. It also excludes repair and replacement costs, but again only to the part of the property that was worked on. Thus, if faulty workmanship on a roof leads to a leaky roof, damage to that roof is excluded, but not any damages the leak may cause to other parts of the structure or its contents. This exclusion requires further development of facts related to when the damage occurred, when it was discovered or became apparent, the particular part of the property on which the operation was performed, and the like.[2] The exclusion does not, on its face, exclude Heers from coverage.
 
 
 9
 Finally, it does not necessarily, or even particularly, appear that Heers was found liable for something done by an "undesignated partnership." Again, it appears that he was found liable for his own acts. Thus, this exclusion does not apply, or at least not so on its face.
 
 
 10
 Therefore, we reverse the district court's determination that Heers was precluded from coverage by the "owned property" exclusion and remand for further proceedings.[3]
 
 
 11
 AFFIRMED as to Rancho Natomas, REVERSED and REMANDED as to Heers. Costs on appeal are awarded to Pejcha.
 
 
 
 **
 Hon. H. Robert Mayer, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Of course, the result might well be different if the broad form coverage had not been purchased. See Diamond Heights Homeowners Ass'n v. National American Ins. Co., 227 Cal.App.3d 563, 571, 277 Cal.Rptr. 906, 909-10 (1991); Maryland Cas. Co. v. Imperial Contracting Co., Inc., 212 Cal.App.3d 712, 723-24, 260 Cal.Rptr. 797, 804-05 (1989)
 
 
 [2]
 We say "and the like" because we do not purport to set forth an exclusive list of factors that may go into the decision
 
 
 [3]
 We, of course, understand that Pejcha cannot relitigate issues that were taken up in the underlying case in the California Superior Court. However, Pejcha certainly can submit evidence to demonstrate that the claim comes within the terms of the insurance contract. See Rafeiro, 5 Cal.App.3d at 805, 85 Cal.Rptr. at 705-06. Furthermore, the burden of demonstrating that a claim comes within an exclusion from coverage is upon Maryland. See Aeroquip Corp. v. Aetna Cas. & Surety Co., Inc., 26 F.3d 893, 895 (9th Cir.1994)